**Santo J. RUIZ and Lloyd H. English, Appellants,**

**Paul B. Steiger, Bernard Milligan, on behalf of themselves and all others similarly situated, Plaintiffs,**

**v.**

**PEOPLE EXPRESS AIRLINES, INC., Appellee,**

**American Civil Liberties Union of Virginia, United States of America, Amicus Curiae.**

**No. 85–1659.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1985.

Decided Oct. 9, 1986.

Rehearing and Rehearing En Banc Denied Nov. 6, 1986.

---

Stephen P. Halbrook, Fairfax, Va., for appellants.

David J. Cynamon (R. Kenly Webster, Shaw, Pittman, Potts & Trowbridge, Washington, D.C., on brief), for appellee.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Elsie L. Munsell, U.S. Atty., Alexandria, Va., Michael Jay Singer and Margaret E. Clark, Appellate Staff, Civil Div., Dept. of Justice, Richard E. Gardiner, American Civil Liberties Union of Virginia, Washington, D.C., on briefs, for amicus curiae.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and BUTZNER, Senior Circuit Judge.

WIDENER, Circuit Judge:

Santo J. Ruiz and Lloyd H. English appeal the dismissal of a part of their complaint and the granting of defendant's motion for summary judgment as to the balance of it in their suit alleging that People Express was guilty of negligence, breach of contract, breach of duty as a common carrier, false arrest and imprisonment, fraudulent misrepresentation and violation of their rights under the Fourth Amendment to the United States Constitution. We affirm.

The facts underlying plaintiffs' claims against People Express can be briefly summarized. Both Ruiz and English had reservations on People Express flights and both attempted to transport a firearm in luggage they intended to check with the airline. Because of the layout of most of People Express' airport operations,[1] that airline refuses to transport firearms in checked luggage. Unaware of this fact, the plaintiffs gave their luggage to airport skycaps who had the luggage run through People Express' X-ray screening. The firearms were detected in their bags, and both were detained. Plaintiffs were charged with violating 14 CFR § 159.79 which provides in part:

(a) No person except a Peace Officer, an authorized post office, Airport, or air carrier employee, or a member of an Armed Force on official duty, may carry any weapon, explosive, or inflammable material on or about his person, openly or concealed, on the Airport without the written permission of the Airport Manager.

By letter the FAA also advised the plaintiffs that they were in violation of FAR 107.21, 14 CFR 107.21, which provides in part:

(a) Except as provided in paragraph (b) of this section, no person may have a firearm, an explosive, or an incendiary device on or about the individual's person or accessible property—(1) When performance has begun of the inspection of

---

1. Unlike most airlines, which have passengers purchase their tickets and check their luggage before passing through X-ray screening, People Express usually locates its passenger service and baggage check-in counters inside its sterile area at airports. The luggage of passengers flying People Express must first pass through X-ray screening before checked as luggage and before the passengers purchase their tickets.

the individual's person or accessible property before entering a sterile area; and (2) When entering or in a sterile area.

Criminal charges against both were later dismissed. They were able, somewhat later, to fly to their destinations but without their firearms.

Under applicable federal regulations, an airline is permitted but not required to transport unloaded firearms in checked baggage under certain conditions. 14 CFR § 108.11(d). People Express has chosen not to transport such firearms, as it lawfully might do.

■ Plaintiffs argue that People Express' own contract of carriage obligates it to transport unloaded checked firearms in baggage and that it should be held responsible for its failure to transport plaintiffs' firearms. We do not read the contract of carriage as they suggest. That document, Rule D7, allows passengers who have firearms on or about their person to carry them on a People Express airplane as long as the provisions of 14 FAR 121.585 (now 14 CFR § 108.11(a)(b)) are met. The plaintiffs were attempting to transport firearms in their luggage, a situation the carrier did not agree to in the contract of carriage.

We are also of opinion the searches of plaintiffs' luggage were not unreasonable searches within the meaning of the Fourth Amendment. Because we conclude that the search of plaintiffs' luggage was reasonable under the Fourth Amendment, any *Bivens* claims they may have must likewise fail.

■ Plaintiffs claim that People Express was guilty of fraudulent misrepresentation when it promised to carry their luggage but afterwards refused to because of their content. They contend that People Express must advise passengers at the time they make their reservations what items People Express refuses to carry. We do not read such a requirement into an airlines' implied representation that it will transport a passenger and, along with him, his luggage. The fact that other airlines may transport firearms does not lead to the conclusion that People Express misrepresented to these plaintiffs that it would transport their firearms. We note also that People Express had posted conspicuous signs by the X-ray devices warning at the entry to its sterile area that it would not allow passengers to carry firearms in checked or carry-on luggage. These plaintiffs could have inquired about People Express' policy regarding the transportation of firearms, but they did nothing to so inform themselves.

■ We agree with the district court that the plaintiffs' false arrest claim must fail because there was ample reason for their arrest. The plaintiffs were about to enter the sterile area of an airport with direct access to a commercial airplane with firearms within easy reach. That is justification enough for their detention.

■ Plaintiffs finally contend that People Express acted negligently and breached its duty as a common carrier by creating unique firearms and screening policies and failing to warn its passengers of them. Plaintiffs claim that People Express was under a duty to warn of its firearms policy and of the location of its X-ray devices. We agree with the district court's finding that People Express' physical layout in the airport was open and obvious. Large and conspicuous signs were posted next to the X-ray devices warning that People Express did not permit weapons in carry-on and checked luggage and that a passenger could be arrested for carrying a concealed weapon. X-ray examination of luggage for the protection of passengers and the flight was a part of the duty of the carrier, and the performance of one duty does not lead to the breach of another.

■ In sum, we are of opinion that if a prospective passenger wishes to transport a firearm on a public air carrier, he must inquire in advance of the airline and ascertain whether such is permitted, and upon what conditions, if he would not run afoul of the law. Requiring an airline passenger to know the law is not different than that

same requirement expected in any other walk of life.

The judgment of the district court is accordingly

AFFIRMED.